# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

      Plaintiff,

vs.                                                                       No. CIV 02-1509 JB/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
and ANTHONY GRIEGO, Individually and
In his Official Capacity as Principal of
Valley High School, Albuquerque Public
Schools,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Excuse Pro Se Plaintiff from Hearing or in the Alternative for Court Appointed Attorney, filed February 12, 2004 (Doc. 46). The primary issue is whether the Court should decide all pending motions on the record already before it. Because the Court generally holds hearings for the benefit of the parties, and the Plaintiff, Lourdes E. Trujillo does not want a hearing, the Court will grant her motion in part and deny her motion in part, and will vacate the hearing set for February 23, 2004.

## BACKGROUND

The Court set a hearing on the following motions for Monday, February 23, 2004 at 9:00 a.m.: (i) Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint, filed August 28, 2003 (Doc. 19); (ii) Defendants' Motion for an Order to Stay, filed October 21, 2003 (Doc. 24); (iii) Defendants' Motion for Summary Judgment, filed October 21, 2003 (Doc. 26); (iv) Plaintiff's Pro Se Motion to Stay Proceedings, filed November 3, 2003 (Doc. 29); (v) Plaintiff's Pro Se for

Extension of Time to Respond to Defendant's Motion for Summary Judgment, filed November 11, 2003 (Doc. 31); (vi) Plaintiff's Pro Se Motion for Court Leave to File Her First Amended Complaint, filed December 30, 2004 (Doc. 37); and (vi) Plaintiff's Pro Se Motions for Rescheduling of Settlement Conference and Filing of Consolidated Pre-Trial Report, filed January 12, 2004 (Doc. 39). The Court sent out its Notice for this hearing on Tuesday, February 3, 2003. Trujillo filed her motion to excuse her from the hearings on February 12, 2004

Trujillo represents that she fired her lawyer, Dennis Montoya, because, among other reasons, he was not paying attention to her case objectives. Montoya allegedly had a recent high school employee doing the research and communicating with Trujillo. Montoya had recently lost her husband's case, Trujillo v. Board of Education of Albuquerque Public Schools, et al., Civ. No. 02-1146 (D.N.M., Complaint filed September 11, 2002), allegedly by using this same employee to do the research in her case. Trujillo states that Montoya's way of doing her case was not in her best interest.

As to the hearing set for February 23, 2004, Trujillo argues that, in the interest of justice, that the Court should rule on all pending motions based on the record. She states that she is not an attorney and that she has nothing else to add to what she has already filed. She states that she is at an unfair disadvantage fielding extemporaneous legal arguments from opposing counsel and from the Court.

Trujillo stands on the record. She states that she is a full time Senior ROTC Instructor at Shiloh High School, Georgia, and that it would create both an economic and academic burden to go to Albuquerque for the Court-ordered hearing set for February 23, 2004.

In the alternative to a hearing on the record, Trujillo requests that the Court appoint an

attorney to represent her at the hearing. Trujillo states that, despite diligence, she has been unsuccessful in obtaining legal cousel as of this date.

## **ANALYSIS**

The Defendants correctly note that Trujillo willingly chose to sue in the United States District Court for the District of New Mexico and, in so doing, assumed a number of corresponding duties and obligations. In choosing to sue the Defendants in this Court, Trujillo has indicated that the Court is a proper place in which her claims are to be heard. She has thus agreed to appear here in New Mexico for certain pre-trial matters and for trial.

It does not, however, follow that Trujillo must appear personally at every proceeding in New Mexico. The Court need not, at this stage, decide whether she needs to be in New Mexico for her deposition or her settlement conference. The Court here only decides that her appearance at the February 23 hearing is not mandatory or necessary. The Court holds hearings for a number of reasons: (i) to give the parties an opportunity to make their case; (ii) to give the parties an opportunity to update their legal and factual positions; (iii) to give the parties an opportunity to address questions that the Court has; (iv) to try to give the parties prompt rulings; and (v) to impose a deadline on the Court to read the briefs, to think about the issues, and to move the case along toward resolution. In this case, a hearing would not serve some of these purposes. If Trujillo, a pro se plaintiff, has nothing to add, the hearing will not benefit her or the Court. She will be at a disadvantage at the hearing. The Court will therefore vacate the hearing and decide the pending motions on the record. While the Court generally allows parties to attend hearings by telephone, Trujillo does not appear to want any hearing.

The Defendants are correct that, if the Court were to hold the hearing on February 23, and

if it were to dismiss some or all of her claims, the parties would probably know that day the oral ruling. Deciding the motions on the briefs will insert some delay into the process.

The Court will also refer case to the Pro Se Committee. The Court will ask it to consider soliciting an attorney to represent her in this civil case. Trujillo also may contact the Committee directly by sending correspondence to the attention of the Pro Se Committee, 333 Lomas Blvd., N.W., Albuquerque, New Mexico 87102.

**IT IS ORDERED** that the Plaintiff's Motion to Excuse Pro Se Plaintiff from Hearing or in the Alternative for Court Appointed Attorney is granted in part and denied in part. The Court will vacate the hearing set for February 23, 2004, and decide all pending motions on the briefing and record already before the Court. The Court will also contact the Pro Se Committee and ask it to determine whether there is an attorney that would be willing to represent the Plaintiff in this matter. Except as expressly stated herein, the Court denies the Plaintiff's motion.

_____
UNITED STATES DISTRICT JUDGE

Lourdes E. Trujillo
Snellville, GA 30039

    *Pro Se Plaintiff*


Max Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris
  & Sisk, PA
Albuquerque, New Mexico

    *Attorneys for the Defendants*