IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

        Plaintiff,

vs.                                                                 No. CIV 02-1509 JB/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS, and
ANTHONY GRIEGO, Individually and
In his Official Capacity as Principal of
Valley High School, Albuquerque Public
Schools,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion and Brief to Vacate Pretrial Conference Set on May 13, 2004, to Vacate Trial Setting on June 7, 2004, and to Request Discovery Period, filed May 5, 2004 (Doc. 71). The primary issue is whether the Court should vacate the pretrial conference and the trial setting and allow the Plaintiff additional time to conduct discovery after the Court decides Defendant Anthony Griego's pending motion for summary judgment based on qualified immunity. Because the Court believes it would be unfair to proceed to trial before the Plaintiff has an opportunity to conduct discovery, and the Court needs to rule on the motion for qualified immunity before discovery begins, the Court will grant the motion to vacate the pretrial conference and the trial setting.

## BACKGROUND

Trujillo filed her Complaint in December 2002. While the Court does not know all the reasons why, Trujillo did not serve all of the Defendants until April 2003. In any event, the

Honorable Richard L. Puglisi, United States Magistrate Judge, held a scheduling conference on July 7, 2003.

Pursuant to rule 26(d), Trujillo was free to begin discovery once the parties conferred, as rule 26(f) requires, i.e., at least 21 days before the July 7, 2003 scheduling conference. Trujillo has not, however, conducted any discovery. And it does not appear that Trujillo did anything on the case until mid-September 2003, when she responded to the Defendants' Motion to Dismiss Counts II and III.

This case was transferred to the Honorable James O. Browning, United States District Judge, on August 27, 2003. To move his docket along, Judge Browning generally sets hearings on all pending motions and either rules on the motions before the hearing or at the hearing. The Court attempts to follow up the hearings with orders and/or opinions reflecting the Court's rulings at the hearings.

On October 21, 2003, roughly 4 months after discovery commenced, the Defendants filed a motion for summary judgment based on Griego's claim of qualified immunity. On that same day, the Defendants filed a motion to stay discovery based on Defendant Anthony Griego's qualified immunity, asking the Court to stay discovery pending resolution of Griego's qualified immunity motion. See Defendants' Motion for an Order to Stay, filed October 21, 2003 (Doc. 24). The next day, on October 22, 2003, Griego filed a Notice of Non-Appearance, stating that, "having moved for a stay of discovery pending the Court's resolution of the qualified immunity issues raised in APS' Motion for Summary Judgment, he will not appear for his deposition, scheduled to take place on November 7, 2003." Notice of Non-Appearance, filed October 22, 3004 (Doc. 28). Shortly after the Defendants filed for a stay, Trujillo also filed a motion to stay the proceedings. See Plaintiff's Pro

Se Motion to Stay Proceedings, filed November 3, 2003 (Doc. 29).

Even though she is proceeding *pro se*, Trujillo appears to have appreciated how the issue of qualified immunity might slow down her case and, as a result, fired her attorney. See Plaintiff's Pro Se Motion to Stay Proceedings at 1 ("I dismissed Mr. Dennis W. Montoya for declining to comply with my request that he dismiss Defendant Griego in his individual capacity. I understand that the qualified immunity defense motion of Mr. Griego prevents me from obtaining essential discovery. I understand that without discovery I will be prejudiced."). With knowledge and understanding of qualified immunity's implications, Trujillo nevertheless chose to proceed with her § 1981 claims. Indeed, on December 30, 2003, she moved for leave to file an amended complaint that added a § 1983 claim.

On December 30, 2003, the *pro se* Plaintiff, Lourdes E. Trujillo, responded to the Defendants' motion for summary judgment with what evidence she had in an attempt to show that Griego is not entitled to qualified immunity. Also on December 30th, as noted above, Trujillo filed a motion for leave to amend her complaint. Trujillo contends that the Defendants have discriminated and retaliated against her, subsequent to the filing of her original complaint, by again rejecting her for the same position in 2003.

Trujillo has represented to the Court that she filed EEOC charges on these alleged new acts of discrimination and received a right-to-sue notice on March 24, 2004. It is her intention to file a new complaint and to move for consolidation if the Court does not grant her pending motion to amend her complaint to include the alleged new acts of discrimination by the Defendants. The Court has not ruled either on Trujillo's motion to amend or on the Defendants' dispositive motions, and Trujillo has not obtained discovery from the Defendants.

The Court set a hearing on all pending motions for February 23, 2004. Trujillo asked that the Court vacate the hearing, because she did not want to argue *pro se* against attorneys and did not want to travel from Georgia. She indicated that she had said all she needed to say in the papers. The Court granted her motion to vacate the hearing. See Memorandum Opinion and Order, filed February 19, 2004 (Doc. 52). In doing so, this became the only exception to the way the Court moves its calendar of cases with hearings. As a result, it has been difficult for the Court to work this case and its numerous motions into its normal way of moving cases.

Trujillo moves the Court to vacate the pretrial conference set for May 13, 2004, to vacate the trial set for June 7, 2004, and to authorize her to conduct discovery.

## **ANALYSIS**

There is no dispute that Trujillo does not, at the present time, have the evidence necessary to prosecute the claims made in her Complaint. Although Trujillo contends that the Defendants prevented her from taking discovery, that fact is not clear. Trujillo had several months in which to conduct discovery before Griego filed his qualified immunity motion, but apparently only attempted to set one deposition.

While Trujillo did not submit a rule 56(f) affidavit in opposition to the Defendants' Summary Judgment Motion, or otherwise contend that further discovery was necessary, Trujillo apparently believes that there is material information that she needs to obtain before she will be able to continue. She most likely needs to conduct discovery. While Trujillo has not made a showing as to her inability to conduct discovery at any point during this litigation, the circumstances suggest that the Defendants' filing of their qualified immunity motion, motion for a stay, and a notice of non-appearance had an affect on Trujillo's ability, or at least her understanding of her ability, to conduct

discovery. Griego was entitled to raise qualified immunity as a defense because Trujillo sought to bring claims against him under 42 U.S.C. § 1981. Most likely, the Defendants would have shut down discovery whenever she attempted to conduct it given the qualified immunity issue. The Court needs to rule on that motion before discovery proceeds. In some ways, the Defendants have received the stay of discovery that they sought, and Trujillo should not be penalized for that result.

On the other hand, some of the delay is attributable to the decisions that Trujillo has made. Trujillo also has Title VII claims. Even though Trujillo is proceeding *pro se*, Trujillo understands that her § 1981 claim and her Title VII claim may be somewhat duplicative. Trujillo could have dismissed the potentially duplicative claims for national origin/gender discrimination under 42 U.S.C. § 1981, particularly in light of the Defendants' contention that the § 1981 claim is flawed. See Defendants' Motion to Dismiss Counts II and III of Plaintiff's Complaint, filed August 28, 2003 (Doc. 19)(arguing that there is no claim for national origin/gender discrimination under 42 U.S.C. § 1981). Such a dismissal would have eliminated the qualified immunity defense, but she chose not to dismiss her § 1981 claim and, indeed, seeks to add a § 1983 claim.

The fault for conducting no discovery in this case, if it is anyone's fault, thus lies with all parties and in the strategic decisions that they made. Trujillo has provided the Court with an adequate basis for vacating the trial and pre-trial deadlines so as to allow her an additional six months of discovery after the Court rules on the qualified immunity motion. She needs discovery to prepare the pretrial report and to prepare for trial. It would be prejudicial and unfair for the Court to conduct a jury trial on June 7, 2004.

The Court will continue the pretrial conference until Trujillo has had an opportunity to conduct discovery, if, after the Court rules on the pending motion for summary judgment on qualified

immunity, any discovery is needed. The Court will also vacate the trial set for June 7, 2004. The Court will extend discovery, if any is necessary, until 180 days after the Court rules on the motion for summary judgment on qualified immunity.

**IT IS ORDERED** that the Plaintiff's Motion to Vacate Pretrial Conference Set on May 13, 2004, to Vacate Trial Setting on June 7, 2004, and to Request Discovery Period is granted; the pretrial conference set for May 13, 2004 is vacated; the trial setting for June 7, 2004 is vacated; and the parties shall have 180 days to conduct discovery, if any is needed, after the Court rules on the pending motion for summary judgment based on qualified immunity.

_____
UNITED STATES DISTRICT JUDGE

Lourdes E. Trujillo
Snellville, Georgia

    *Pro se* Plaintiff

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*