## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

       Plaintiff,

vs.                                                                  No. CIV 02-1509 JB/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
and ANTHONY GRIEGO, Individually and
in his Official Capacity as Principal of
Valley High School, Albuquerque Public
Schools,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Strike Plaintiff's Reply in Support of Her Motion for Leave to File First Amended Complaint, filed February 11, 2004 (Doc. 45). The primary issue is whether the Court should strike the reply because it contains references to taped conversations between Plaintiff Lourdes E. Trujillo and Defendant Anthony Griego and between Trujillo and Col. Richardson Crook. The Defendants represent they were not aware of the contents of the tape. Because there is no provision in the Federal Rules of Civil Procedure for motions to strike a reply, the Court will deny the motion. The Court also declines to prohibit Trujillo from using the taped conversations.[1]

## BACKGROUND

Trujillo filed her complaint on December 2, 2002. On July 16, 2003, the Honorable James

---

[1] The Court is not at this time deciding the admissibility of the taped conversations.

A. Parker, then Chief United States District Judge, and the Honorable Richard L. Puglisi, United States Magistrate Judge, issued an Initial Pretrial Report, in which the termination date for discovery was set for January 5, 2004.  Trujillo's former attorney, Dennis W. Montoya, handled her rule 26 disclosures.[2]  On August 27, 2003, the Clerk of Court issued a minute order reassigning this case to Judge Browning.

On December 30, 2003, less than a week before the close of discovery, Trujillo, proceeding pro se,  filed her Motion for Court Leave to File Her First Amended Complaint for Damages.  The Defendants filed their Response in opposition to Trujillo's motion on January 13, 2004.  On January 27, 2004, Trujillo filed her reply to Defendants' response.

Trujillo's reply details a tape-recorded conversation between Trujillo and Griego.  According to Trujillo, this conversation took place before she filed her lawsuit.  Trujillo attaches a copy of the transcript of this conversation to her reply.

According to the Defendants, neither Trujillo nor her former attorney had heretofore, during the pendency of her case, provided to the Defendants the tape recording or the transcript. The Defendants assert that Trujillo did not produce the tape within her initial disclosures.  The Defendants represent they "had no knowledge as to the purported content of these tapes until Plaintiff's January 27, 2004 Reply was received."  Defendants' Motion to Strike Plaintiff's Reply in Support of Her Motion For Leave to File First Amended Complaint, February 11, 2004 (Doc 45).  The Defendants do not, however, state that they did not know that the tape existed.

_____

[2] On  November 3, 2003, Dennis Montoya filed a motion to withdraw as Trujillo's counsel.  See Unopposed Motion to Withdraw as Counsel, by Attorney Dennis Miller, filed November 3, 2003 (Doc. 30).  In his motion, Montoya represented that Trujillo had discharged him.  See id.  See also Plaintiff's Prose Motion to Stay Proceedings, filed November 3, 2003 (Doc. 31). The Court granted the motion on November 5, 2003.  See Order, filed November 5, 2003 (Doc. 32).

The Defendants' counsel in this case also represents APS in <u>Transito Trujillo v. Board of Education of the Albuquerque Public Schools, et. al.</u>, No. Civ. 02-1146, a case involving Trujillo's husband.  The Defendants' counsel received an affidavit by Transito Trujillo that was attached to Plaintiff Trujillo's Response to Defendant Mayerstein's Motion for Summary Judgment on the Basis of Qualified Immunity, filed October 27, 2003 (Doc. 80).  In his affidavit, Transito Trujillo states: "In a conversation recorded by my wife around the time that Mayerstein was hired, I heard Col. Richardson Crook telling my wife that APS used 'good old boy' tactics to get Mark Mayerstein to replace him as Senior AeroSpace Science Instructor (SASI) at Valley High School." <u>See</u> Affidavit of Transito Trujillo ¶ 10, at 4.

In Trujillo's response to the Defendant's motion to strike, she establishes that the Defendants have in their possession at least one audiotape, which they procured directly from the Equal Employment Opportunity Commission ("EEOC").  On June 4, 2003, the Defendants' attorney, Alex Walker, deposed Trujillo in connection with her husband's case.  <u>See</u> Deposition of Lourdes E. Trujillo (taken June 4, 2003).  Walker questioned Trujillo regarding a transcript of taped conversations with the Defendants in that case.  <u>See</u> <u>id.</u> at 150.  The cover page of the transcript about which Walker questioned Trujillo contains a picture of the tape and has the hand-written initials "ACW," Walker's initials. Walker questioned her on June 4, 2003 about the contents of her taped conversation with the Defendants: "Okay.  I'm going to show you a transcript of at least one of the tapes you sent in to the EEOC.  We can - Actually, I don't want to mark it as an exhibit quite yet. About half way down the page."  Deposition of Lourdes Trujillo at 150:13-16.

Trujillo believes that this transcript, which the Defendants made from a tape, came from a tape that she gave to an EEOC investigator.  She believes that it contained all of her conversations with

Griego, Valley High School Senior Aerospace Science Instructor Colonel Richardson Crook, APS human resources clerk John Miera, Lieutenant Tamales, Mr. Edward, and other Air Force Junior ROTC officials. Trujillo contends that, if the Defendants had a concern about her disclosures under rule 26 of the Federal Rules of Civil Procedure, they should have filed a motion to compel. She states that, at her deposition, she testified to Walker that she had the tapes of her conversation with Griego, Crook, Miera, and others. She does not, however, point to any specific transcript pages. The Court is therefore unable to verify whether there was anything in that deposition that alerted the Defendants to the fact that she had recorded her conversation with Griego. The Court notes that Walker's statement -- "I'm going to show you a transcript of **at least one of the tapes** you sent to the EEOC" -- suggests the Defendants knew there was more than one tape. Deposition of Lourdes Trujillo at 150:13-16 (emphasis added). The Defendants represent that they did not receive a tape or transcript of the conversations and were not aware of the contents of the tape.

The Defendants represent that the audiotape they got from the EEOC, as the transcript to Trujillo's response shows, is a different tape than the one on which Trujillo relies in her reply brief seeking to amend and in her subsequently filed summary judgment motion. The Defendants represent that the tape that they obtained from the EEOC does not contain conversations including Crook or Griego.

Trujillo argues that the Defendants had access to the tape at issue. She attaches to her response to the Defendants' motion to strike a transcript of the tape she contends is the tape containing conversations with Crook and Griego. See Response to Defendants' Motion to Strike, Exhibit 1, filed February 17, 2004 (Doc. 49). The transcript to which Trujillo points contains conversations with Edward, Tamales, Miera, and a number of other unidentified speakers, but does

not contain any conversations with Crook or Griego.  <u>See id</u>.  Accordingly, to the extent that Trujillo alleges that the Defendants already had in their possession the taped conversations between Trujillo, Griego, and Crook, she presents no proof.  The Defendants deny that they had in their possession those taped conversations.

The Defendants move the Court to strike Trujillo's reply in support of her motion for leave to file an amended complaint.

## LAW ON MOTIONS TO STRIKE

Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. Rules of Civ. Proc. 12(f).  Under rule 7(a), the complaint, answer and reply constitute the pleadings.  Motions and other papers are not pleadings.  <u>See</u> Fed. Rules of Civ. Proc. 7(a).  "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda."  <u>Searcy v. Soc. Sec. Admin.</u>, No. 91-4181, 1992 U.S. App. LEXIS 3805, at *5 (10th Cir. March 2, 1992)(unpublished).  <u>See</u> 2 James Wm. Moore et. al., <u>Moore's Federal Practice</u> § 12.37[2] (3d ed. 2004)("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

## LAW ON DISCLOSURES

Rule 26 provides that: "[A] party must, without awaiting a discovery request, provide to other parties . . . a copy of, or a description by category and location of, all documents, data compilations,

and tangible things that are in the possession, custody, or control of the party and that the disclosing

party may use to support its claims or defenses, unless solely for impeachment." Fed. R. Civ. Proc.

26(a)(1)(B). Rule 37(c) provides:

> A party that without substantial justification fails to disclose information required by
> Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule
> 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial,
> at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. Proc. 37(c). "Rule 37 requires the district court to exclude a witness who has not been

disclosed pursuant to Rule 26(a) if the failure to disclose was 'without substantial justification,' unless

the violation was harmless." Noel v. Martin, 21 Fed. Appx. 828, 834 (10th Cir. October 19,

2001)(unpublished). "[T]he following factors should guide the Court's determination whether a

failure to disclose is substantially justified or harmless: "1) the prejudice or surprise to the party

against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent

to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or

willfulness." Woodworker's Supply, Inc., v. Principal Mut. Life Ins., 170 F.3d 985, 993 (10th Cir.

1999).

## ANALYSIS

## I.    THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT PROVIDE FOR A MOTION TO STRIKE A REPLY BRIEF.

Rule 12(f) provides for motions to strike pleadings. Plaintiff's Reply in Support of Her

Motion for Leave to File First Amended Complaint is not a "pleading" as defined by rule 7(a) of the

Federal Rules of Civil Procedure. See Fed. Rules of Civ. Proc. 7(a). The Defendants may not attack

Trujillo's Reply by a motion to strike. The Court will deny the Defendants' Motion to Strike

Plaintiff's Reply in Support of Her Motion for Leave to File First Amended Complaint.

## II.     THE COURT WILL CONSIDER THE TAPES REFERENCED IN TRUJILLO'S REPLY.

There does not appear to be any dispute that Trujillo did not produce the taped conversation in this case, either as part of her initial disclosures or otherwise. During Trujillo's deposition, the Defendants referenced a portion of a tape from the EEOC, but that tape apparently does not contain the Griego conversation. Trujillo asserts that she mentioned the taped conversations with Crook and Griego during her deposition. She does not point to evidence establishing that assertion. The statements of Walker during Trujillo's deposition suggest that the Defendants were aware of more than one tape. The record before the Court, however, shows that Trujillo did not properly and timely produce to the Defendants the tape at issue.

The Court after considering the factors set out in Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., concludes that Trujillo's failure to disclose was sustantively harmless. The Defendants have not represented that they did not know that the taped conversations existed, but rather that they did know the contents of the tapes. This careful explanation, Walker's statements during Trujillo's deposition, and the statements in Transito Trujillo's affidavit suggest that the Defendants knew the taped conversations existed, even if they didn't know specifically what was said in the conversations. The Defendants had an opportunity to clarify what the content of the taped conversations during Trujillo's deposition and could have request the taped conversations after they received Transito Trujillo's affidavit. Moreover, Trujillo is proceeding pro se. There is no evidence that Trujillo's failure to provide the taped conversations was willful or motivated by bad faith. The Court, therefore, declines to limit or restrict Trujillo's use of the taped conversations.

**IT IS ORDERED** that the Defendants' Motion to Strike Plaintiff's Reply in Support of Her

Motion for Leave to File First Amended Complaint is denied.

_____
UNITED STATES DISTRICT JUDGE

Lourdes E. Trujillo
Snellville, Georgia

    *Pro Se Plaintiff*

Max Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk, PA
Albuquerque, New Mexico

    *Attorneys for the Defendants*