IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

       Plaintiff,

vs.     No. CIV 02-1509 JB/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
and ANTHONY GRIEGO, Individually and
in his Official Capacity as Principal of
Valley High School, Albuquerque Public
Schools,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff Lourdes Trujillo's Pro Se Motion for Court Leave to File Her First Amended Complaint for Damages, filed December 30, 2003 (Doc. 37); and (ii) the Plaintiff's Motion for Ruling on Her Motion for Leave to Amend and File First Amended Complaint, filed December 30, 2003, and Motion to Add Title VII Claims to Complaint, filed April 30, 2004 (Doc. 70). The primary issue is whether the Court should permit Lourdes Trujillo to amend her complaint to add claims and to make new allegations after the time for amendments under the Court's scheduling order has passed and after the Defendants Albuquerque Public Schools ("APS") and Anthony Griego (collectively, "the Defendants") have filed dispositive motions. Because the Court concludes that it is too late in this case to bring new claims, and because the amended complaint largely brings similar claims and charges against the same parties, the Court will deny Trujillo's motions.

**PROCEDURAL BACKGROUND**

Trujillo asks the Court for leave to amend her complaint pursuant to rule 15(a) of the Federal Rules of Civil Procedure and to permit her to file a First Amended Complaint for Damages. See Plaintiff's Pro Se Motion for Court Leave to File Her First Amended Complaint for Damages ("Plaintiff's Motion to Amend") at 1-2. She attaches a proposed First Amended Complaint for Damages. See First Amended Complaint. The proposed First Amended Complaint raises a new basis for relief under 42 U.S.C. § 1983, alleges two additional discriminatory rejections for Senior Aerospace Science Instructor ("SASI") positions, and provides additional facts. See id. ¶¶ 30, 47-49, at 7, 9. See also Plaintiff's Pro Se Reply to Defendants' Response in Opposition to First Amended Complaint ("Reply") at 1, filed January 27, 2004 (Doc. 43).

The Defendants oppose Trujillo's motion for leave to amend because she filed her motion almost five months after the deadline for amendments outlined in the Court's scheduling order and five days before the end of discovery. See Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint at 3, filed January 13, 2004 (Doc. 42). Also, the Defendants point out that the Amended Complaint simply restates the facts and claims from the original Complaint with different language. See id.

On April 30, 2004, Trujillo requested that the Court rule on her motion for leave to amend and moved to add additional Title VII claims to her complaint. See Plaintiff's Motion for Ruling on Her Motion for Leave to Amend and File First Amended Complaint ("Plaintiff's Motion for Ruling") at 1-2. The additional Title VII claims appear to stem from a second attempt at employment with APS. See id.

## LAW ON AMENDED AND SUPPLEMENTAL PLEADINGS

Rule 15(a) provides:

AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed R. Civ. P. 15(a).

A district court is justified in refusing leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)(citing Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1585 (10th Cir. 1993)). "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." See Frank v. U.S. West, Inc., 3 F.3d at 1365-66 (citations omitted). In addition, if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." See id.

Rule 16(b) provides that a court shall enter a scheduling order limiting, among other things, the time to amend pleadings. "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). When a party files a motion to amend after the scheduling order's deadline for amending has passed, the court must undertake a two-step analysis: (i) "'[the] movant must first demonstrate to the court that it has a "good cause" for seeking

modification of the scheduling deadline under Rule 16(b)'"; and (ii) "'[i]f the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a).'" Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(quoting Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), aff'd on other grounds, 1997 U.S. App. LEXIS 30353 (4th Cir. November 5, 1997)); Pumpco, Inc., the Concrete Pumping Co. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001)(quoting Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. at 687).

> As noted in Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.,
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

986 F. Supp. at 980. See Denmon v. Runyon, 151 F.R.D. 404, 407 (D. Kan. 1993)(affirming the magistrate judge's order denying the plaintiff's motion to amend after the deadline established by the scheduling order had passed and stating that, "[t]o establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence"); Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test.").

## ANALYSIS

### I. TRUJILLO HAS NOT SHOWN GOOD CAUSE FOR THE COURT TO DISREGARD ITS DEADLINE FOR AMENDING PLEADINGS.

In her many papers, Trujillo states that she is seeking to file her First Amended Complaint "to bring the controversy between . . . the parties up to date." Plaintiff's Motion to Amend at 1. She argues that the Court has "full discretion" to allow her to amend and file her amended complaint over the Defendants' opposition. Reply at 1. She contends that, if the Court should deny her request, she will have to file a new lawsuit, which would be a waste of resources. See id.

Trujillo has not provided the court with much reason at all, and certainly not "good cause," for her failure to move for leave to amend before the August 1, 2003 deadline. Nor has Trujillo provided any evidence of her diligence to meet the August 1, 2003 deadline. Absent such a showing, Trujillo does not meet rule 16(b)'s "good cause" standard. The Court, therefore, will deny her motion for leave to amend.

### II. TRUJILLO'S PROPOSED AMENDED COMPLAINT RESTATES THE SAME FACTS AND SIMILAR CLAIMS USING DIFFERENT LANGUAGE.

Trujillo's proposed amended complaint also fails to satisfy rule 15's more liberal standard. A rule 15 analysis focuses on the factors of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. See Frank v. U.S. West, Inc., 3 F.3d at 1365-66. Two of these factors, undue delay and undue prejudice, are most relevant in this case.

On the face of the complaint, Trujillo restates the same factual allegations from her original complaint, using different language and adding allegations. See id. (affirming denial of the plaintiff's motion to amend because it was filed four months after the court's deadline for amending pleadings

-5-

and because the plaintiff knew or should have known long before that date of the possibility of an amendment). Refusing a request to amend under these circumstances is not an abuse of discretion. See Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir. 1983)("It is not an abuse of discretion to refuse a request to amend when the proffered amendment merely restates the same facts using different language, or reasserts a claim previously determined.")(citing Kasey v. Molybdenum Corp. of America, 467 F.2d 1284, 1285 (9th Cir. 1972)).

Trujillo does not fully explain how her proposed amendment would differ in any material way from her earlier version. A review of the two pleadings, however, shows that she is adding a § 1983 claim for national origin discrimination. See First Amended Complaint ¶¶ 47-49, at 9. The claims set forth in the original Complaint also state causes of action for national origin discrimination under Title VII and § 1981. See Complaint ¶¶ 9-37, at 4-8. Trujillo is thus bringing a similar legal claim against the same defendants. She is restating her previous claims with different language.

Trujillo fails to explain to the Court why she waited a full year after filing suit to move for leave to amend. This failure is striking considering that her proposed new § 1983 merely restates with different words what her original Complaint asserted. In the eyes of the Court, her failure to state this claim until this late date, without an adequate explanation as to why it took Trujillo so long to bring it, gives rise to undue delay.

The Court's conclusion on undue delay is strengthened by the undue prejudice that the Defendants may suffer from Trujillo's proposed amendment. See Lockheed Martin Corp. v. Network Solutions, 175 F.R.D. 640, 643 (C.D. Cal. 1997)(explaining that "[c]onsiderable delay with no reasonable explanation is relevant where a proposed amendment would cause prejudice to the other party or would significantly delay resolution of the case")(citing Jackson v. Bank of Hawaii, 902 F.2d

1385, 1388 (9th Cir. 1990)).  On one level, adding a similar claim to essentially the same facts might not change radically this case nor prejudice the Defendants.  On the other hand, the Court cannot say that with any certainty.  The new claim may require more discovery, new dispositive motions, and a trial.  These new burdens, coming so late after the scheduling order's deadline for amendments and so close to the close of discovery, could constitute undue prejudice to the Defendants.

Given the lateness of this new claim, that Trujillo already has a §1981 claim and a Title VII claim for similar events, and the prejudice that may emanate from Trujillo's proposed amendment, the Court will not permit her to add a new claim with new elements at this late date.  Accordingly, the Court will deny Trujillo's motion for leave to amend.

## III.  TRUJILLO SHOULD NOT USE A LATE AMENDMENT TO AVOID DISPOSITIVE MOTIONS.

The Defendants have three potentially dispositive pending motions before the Court.  See Defendants' Motion to Dismiss Counts II & III of Plaintiff's Complaint, filed August 28, 2003 (Doc. 19); Motion for Summary Judgment, filed October 21, 2003 (Doc. 26); Defendants' Summary Judgment Motion, filed February 18, 2004 (Doc. 54).  "Although the Federal Rules of Civil Procedure favor a liberal approach to amendments, amendments may not be used as a device to prevent speedy and efficient resolutions of cases."  Lockheed Martin Corp. v. Network Solutions, 175 F.R.D. at 645 (citing Schlacter-Jones v. Gen. Tel. of Cal., 936 F.2d 435, 443 (9th Cir. 1990), overruled on other grounds, Cramer v. Consol. Freightways, Inc., 255 F.3d 683 (9th Cir. 2001)).  When Trujillo filed her motion for leave to amend, her existing claims were subject to: (i) a motion to dismiss two counts of the Complaint; and (ii) a motion for summary judgment.

Where a party proposes amendments while dispositive motions are pending, a court should

not allow an amendment whose purpose is to prevent termination of the case on a motion to dismiss or on summary judgment. See Schlacter-Jones v. Gen. Tel. of California, 936 F.2d at 443 ("A motion for leave to amend is not a vehicle to circumvent summary judgment."). Trujillo moved to amend on December 30, 2003, months after the Defendants moved to dismiss certain claims on August 28, 2003, and after the Defendants moved for summary judgment on other claims on October 21, 2003. More importantly, Trujillo filed her motion for leave to amend five days before the termination of discovery. The Court is concerned that Trujillo is attempting to avoid possible termination of her case by the Court ruling on the Defendants' dispositive motions.

Trujillo argues that the Defendants cannot credibly believe that the Court will grant their dispositive motions. See Reply at 2. Trujillo asserts that she has demonstrated to the Court that summary judgment is inappropriate in her case and that qualified immunity is not available. See id. She alleges that the decision to reject her for the SASI job was arbitrary and capricious, and that the Defendants discriminated against her because she is a woman from Puerto Rico.[1] See id.

The Court should not prejudge the motion to dismiss or the motion for summary judgment by reviewing only a portion of the evidence presented in briefing on a motion for leave to amend the complaint. The Court cannot and should not say here who will prevail on these motions. These motions deserve and require a complete review of the record, not portions of it. The only issue here is whether the Court should permit Trujillo to add allegations and claims at this late date. The Court does not think it should allow such a late amendment.

---

[1] In her reply to the Defendants' response to this motion, Trujillo quotes statements Griego made to her in a taped conversation. The Court previously ruled that Trujillo could use the taped conversation in her motion to amend. See Memorandum Opinion and Order, filed March 31, 2005 (Doc. 85).

**IT IS ORDERED** that the Plaintiffs' Motion for Leave to File First Amended Complaint and Plaintiff's Motion for Ruling on Her Motion for Leave to Amend and File First Amended Complaint are denied.

_____
UNITED STATES DISTRICT JUDGE

Lourdes E. Trujillo
Snellville, Georgia

    *Pro Se Plaintiff*

Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*