IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

    Plaintiff,

vs.                                                 No. CIV-02-1509 JB/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS, and
ANTHONY GRIEGO, Individually and
In his Official Capacity as Principal of
Valley High School, Albuquerque Public
Schools,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendants' Motion for Summary Judgment, filed October 21, 2003 (Doc. 26); (ii) the Plaintiff's Motion for Court Ruling on Pending Motions, filed July 11, 2005 (Doc. 86); (iii) the Plaintiff's Motion for Reconsideration, filed November 16, 2005 (Doc. 89); and (iv) the Defendants' Motion for Reconsideration, filed November 21, 2005 (Doc. 90). The Court has previously granted Plaintiff Lourdes Trujillo's motion to decide all pending motions on the briefing and record before the Court. The Court has considered the parties' briefs, the record, and the applicable law, and will grant the Defendants' motion for reconsideration and deny Trujillo's motion for reconsideration. The Court further concludes that it should dismiss as moot the Defendants' Motion for Summary Judgment and the Plaintiff's Motion for Court Ruling.

**PROCEDURAL BACKGROUND**

In its October 26, 2005, order denying summary judgment to both parties, the Court determined that Plaintiff Lourdes Trujillo had failed to present evidence that cast doubt on the Defendants' first and third legitimate, nondiscriminatory reasons for not hiring her as the Senior Aerospace Science Instructor ("SASI") in the ROTC department at Valley High School. The first reason was that Valley's principal, Defendant Anthony Griego "understood that the SASI had to be a pilot or a navigator and possess an FAA certification, and Trujillo was neither a pilot nor a navigator and did not have an FAA certification." Trujillo v. Bd. of Educ., 410 F. Supp. 2d 1033, 1038 (D.N.M. 2005). The Court concluded: "Griego may or may not have been correct that being a pilot was needed for the position, but Trujillo has not presented evidence that raises a genuine issue of material fact regarding Griego's understanding that the SASI had to be a pilot or a navigator and possess an FAA certification." Id. at 1045. The third reason given was that "Trujillo could not have held the position because it would have required her to supervise her husband, which is prohibited by APS and Air Force Policy." Id. at 1046. The Court determined that Trujillo failed to present any evidence that "Griego knew her husband would resign" if she were hired. Id.

The Court ultimately denied summary judgment to the Defendants, however, because Trujillo presented evidence that the Defendants' second non-discriminatory reason for not hiring her was pretextual. The second reason that the Defendants gave for not hiring Trujillo was because Col. Crook, who was the SASI at Valley and who made recommendations for hiring the new SASI, "did not provide her name to Griego as one of the persons to interview for the position." Id. at 1045. Trujillo presented a secretly taped conversation between her and Col. Crook in which he stated that "his involvement in Mayerstein's hiring involved only putting in a good word for Mayerstein when

-2-

Griego asked for Crook's opinion," id., and in which he indicated that Griego had not followed the "systematic process that the Defendants suggest," id. at 1046. Further, Trujillo presented evidence indicating that there was no "list" of potential candidates given to Griego, as he had stated to the EEOC investigator. Id. The Court determined that all of this evidence "strikes at the heart of the Defendants' carefully drawn portrait," and that all three reasons for not hiring her were interconnected. Id. at 1047.

The Court applied the analysis in Tyler v. RE/MAX Mountain States, Inc., 232 F.3d 808 (10th Cir. 2000).

> [A]s a general rule, an employee must proffer evidence that shows each of the employer's justifications are pretextual. However, like other circuits, we are unwilling to apply that rule . . . rigidly . . . recognizing that when the plaintiff casts substantial doubt on many of the employer's multiple reasons, the jury could reasonably find the employer lacks credibility. . . . Stated differently, there may be cases in which the multiple grounds offered by the defendant . . . are so intertwined, or the pretextual character of one of them so fishy and suspicious, that the plaintiff may [prevail].

Id. at 814 (internal quotation marks and citations omitted). Because it was not clear whether being FAA certified was an "immovable object placed in Trujillo's path by forces outside of the Defendants' control. . . [or] an obstacle purposefully unleashed upon Trujillo to prevent her from being hired," Trujillo v. Bd. of Educ., 410 F. Supp. 2d at 1048, the Court concluded that "the genuine issue on the second reason casts enough doubt on the other two reasons that a jury might still find in Trujillo's favor," id. at 1047.

On November 2, 2005, seven days after the Court entered its October 26, 2005, order denying the parties' competing motions for summary judgment, the United States Court of Appeals for the Tenth Circuit issued its opinion in Jaramillo v. Colorado Judicial Department, 427 F.3d 1303 (10th Cir. 2005). In that opinion, the Tenth Circuit recognized five exceptions to the general rule that an

employee must proffer evidence to show each explanation is pretextual, citing not only Tyler v. RE/MAX Mountain States, Inc., but cases from other circuits.

> In some cases, however, a successful attack on part of the employer's legitimate, non-discriminatory explanation is enough to survive summary judgment even if one or more of the proffered reasons has not been discredited. Something less than total failure of the employer's defense is sufficient to create a genuine issue of fact when (1) the reasons are so intertwined that a showing of pretext as to one raises a genuine question whether the remaining reason is valid, see [Russell v. Acme-Evans Co., 51 F.3d 64, 70 (7th Cir. 1995)]; (2) the pretextual character of one explanation is "so fishy and suspicious," id., that a jury could "find that the employer (or its decisionmaker) lacks all credibility," Chapman v. AI Transport, 229 F.3d 1012, 1050 (11th Cir. 2000) (en banc) (Birch, J., concurring and dissenting); (3) the employer offers a plethora of reasons, and the plaintiff raises substantial doubt about a number of them, Tyler, 232 F.3d at 814; (4) the plaintiff discredits each of the employer's objective explanations, leaving only subjective reasons to justify its decision, see Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1298-99 (D.C. Cir. 1998) (en banc); or (5) the employer has changed its explanation under circumstances that suggest dishonesty or bad faith, Cole v. Ruidoso Mun. Schs., 43 F.3d 1373, 1380-81 (10th Cir. 1994).

Jaramillo v. Colo. Judicial Dep't, 427 F.3d at 1310. The Tenth Circuit clarified that, when the basis for successfully challenging a non-discriminatory reason is the employer's apparent lack of credibility, as in this case, to avoid summary judgment on other, unsuccessfully challenged legitimate reasons, "the plaintiff must undermine the employer's credibility *to the point that a reasonable jury could not find in its favor.*" Id. (emphasis added). This standard appears to be more demanding than previously expressed in Tyler v. RE/MAX Mountain States, Inc.. The Court further explained that:

> Debunking one of the employer's explanations defeats the case for summary judgment only if the company has offered no other reason that, *if that reason stood alone* (more precisely if it did not have support from the tainted reason), would have caused the company to take the action of which the plaintiff is complaining.

Id. (internal quotation marks omitted). The Court believes that the Tenth Circuit's refinement in Jaramillo v. Colorado Judicial Department of the analysis in Tyler v. RE/MAX Mountain States, Inc. is at tension with the Court's analysis in its October 26, 2005, order.

**ANALYSIS**

In their briefs supporting the motions for reconsideration, the parties have focused on evidence regarding Trujillo's qualifications to fill the SASI position as it existed at the time Griego made his hiring decision. On further consideration and review of the evidence in this matter, and on considering Tenth Circuit case law written since the Court filed its October 26, 2005, order, the Court agrees with the Defendants that Griego's credibility does not, and cannot, affect the undisputed fact that, at the time she applied for the SASI position in August 2000, and at the time the position was filled in March 2001, Trujillo was not qualified to fill the position as it existed at Valley High School. The Court therefore concludes that this legitimate reason for not hiring her can stand alone "without support from the tainted reason," Jaramillo v. Colo. Judicial Dep't, 427 F.3d at 1310, thereby compelling summary judgment in favor of the Defendants.

**I.      UNDISPUTED FACTS THAT DO NOT DEPEND ON GRIEGO'S CREDIBILITY.**

The record shows that, at the time Trujillo applied, and when Griego made his hiring decision, Col. Crook had established, and was teaching, a popular Enriched Aerospace Science zero-hour class that had to be taught by an FAA certified instructor and that had been attended by students from other schools in Albuquerque where the class was not offered. See Letter from Barbara Lynn to EEOC Investigator at 1 (executed May 15, 2002) (Def. MSJ Ex. D). According to testimony Trujillo submitted, it was the only honors FAA class in the State. See Pl. Resp. to MSJ Ex. 2 at 6. As Trujillo emphasizes in her motion for reconsideration, when she questioned Griego in a secretly recorded telephone conversation about why she was not considered, interviewed, or hired for the SASI position in the summer of 2001, he stated that she did not have the credentials that would qualify her to teach the course. See Pl. MSJ Ex. 3 at 1, 2, 3, 4, 6, 18, 19, 27. The Defendants gave

this same reason in their response to the EEOC charges.  See Letter from Barbara Lynn to EEOC (dated July 2, 2001) (Pl. Reply (Doc. 63), Ex. 4).  Trujillo presented uncontroverted, objective proof attached to her motion for reconsideration that all ROTC instructors who desire to establish or maintain that class had to have "their appropriate FAA Certificate as a Basic Ground Instructor (BGI) or FAA Certified Flight Instructor (CFI) . . . to be eligible to teach this course."  Pl. Mot. for Recons. Att. 2.  Thus, Trujillo herself has conclusively established that Griego's belief that SASI instructors who wanted to maintain the honors course at Valley had to be FAA certified was correct.

It is undisputed that Col. Crook was not planning to retire until October 2001, and that even though Mayerstein was hired in March 2001, his start date was to be in October 2001.  See Letter from John Miera to MSGT Vasser, HQ AFOATS-JRI (dated Mar. 15, 2001) (Pl. Reply Ex. 5).  Thus, to maintain the honors class that Col. Crook was teaching, the prospective SASI at Valley would have to meet **more** than the minimum requirements for other SASI positions.  It is further undisputed that, before he was hired, Mayerstein stated on his APS application: "I will be certified to teach the instrument ground school Colonel Crook has established for those students who want to pursue a private pilot's license."  Mayerstein's APS Application for Teacher/Licensed Position at 1 (dated Feb. 15, 2001) (Def. MSJ Ex. B at 4).  And it is also undisputed that Col. Crook notified Griego in writing in January 2001 that "[Mayerstein] will soon be a Certified Advanced Ground School Instructor. This will enable him to teach this very popular course." Interview of AFJROTC Instructor Applicant (dated Jan. 25, 2001) (Def. MSJ Ex. E at 2).

Trujillo submitted an affidavit alleging that Transito Trujillo – her husband – did not tell Griego that Mayerstein did not have his FAA certification until June 2001, after Griego had already hired Mayerstein, but before Col. Crook retired – thus demonstrating that Mayerstein still had time

to obtain his FAA certification. See Pl. Resp. to MSJ Ex. 2 at 2. In his affidavit to the EEOC in November 2001, as Trujillo points out, Mayerstein continued to represent that he would have his FAA certification before the end of the year, which "is proof that Mayerstein knew he needed FAA Certification to qualify for the SASI job." Pl. Mot. for Recons. at 9-10.

## II. THE TENTH CIRCUIT'S RECENT DECISION IN JARAMILLO v. COLO. JUDICIAL DEP'T. SUGGESTS THAT TRUJILLO CANNOT SHOW THAT DEFENDANTS' FIRST PROFFERED LEGITIMATE NON-DISCRIMINATORY REASON WAS SO TAINTED BY THEIR SECOND, CHALLENGED REASON FOR NOT HIRING HER THAT A JURY COULD NOT FIND IN THEIR FAVOR.

The Defendants asserted in their motion for summary judgment as their first reason for not hiring Trujillo that Griego believed she was not FAA certified to teach the zero-hour honors class at Valley. In her response, Trujillo admitted that she was not certified to teach that class: "It is true that I . . . do not possess FAA certification to teach the true zero-hour, honors class, as defined by the Air Force; however Mayerstein did not possess FAA certification, which is the only mandatory requirement to be eligible to teach the true zero-hour course." Pl. Resp. to MSJ at 5. In her motion for reconsideration, Trujillo maintains that, if "Griego had asked Mayerstein for proof [of his] eligibility [to teach the honors course] when he selected him, he would have learned that [Mayerstein] was not eligible to teach [that] course." Pl. Mot. for Recons. at 9. It must be that, if Mayerstein was not qualified to hold the Valley SASI position, neither was Trujillo.

As the Tenth Circuit has recently reiterated, "not being qualified for a job is one of the two most common nondiscriminatory reasons for a plaintiff's rejection." Garrison v. Gambro, Inc., 428 F.3d 933, 937 (10th Cir. 2005). See E. Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403-04 (1977) (noting that, because the "plaintiffs lacked the qualifications to be hired . . . , they could have suffered no injury as a result of the alleged discriminatory practices"). Because Trujillo

admits she was not qualified to teach the honors class that was already being taught at Valley by Col. Crook, she cannot avoid summary judgment on this issue. Based on the undisputed evidence in the record that does not depend upon Griego's credibility, the Court concludes that Griego's reason for not selecting Trujillo – that she lacked the FAA certification to teach the SASI position at Valley – standing alone and without support from the second, tainted reason, is a valid, nondiscriminatory reason that entitles Defendants to summary judgment.

Trujillo insists, however, that the class Mayerstein *later* taught as the zero hour class did not meet the requirements of the true honors class – because he was not FAA certified – so she was also qualified to teach it. She asserts that this evidence shows that it was pretextual for Griego to make teaching the honors class a requirement for being the SASI at Valley High School. But the Court must analyze the issue of pretext at the point in time when the hiring decision was made. See Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1261 (10th Cir. 2001) (noting that courts must examine the facts as they appeared to the person making the employment decision); Doan v. Seagate Tech., Inc., 82 F.3d 974, 977 (10th Cir. 1996) (holding that information unknown to individuals making hiring decisions at the time those hiring decisions were made was irrelevant to issue of pretext). At the time Griego made his decision, the honors class was a true honors class, and an FAA certified instructor taught the class, as the Air Force ROTC regulations required. Mayerstein misrepresented that he, too, would be qualified to teach the true honors class. Thus, the unexpected event occurring *after* Griego made his hiring decision – that Mayerstein did not keep his word and did not obtain his FAA certification before he replaced Col. Crook – is not relevant to whether, at the time Griego made the hiring decision, the FAA certification requirement was bona fide.

The Court must also reject Trujillo's argument that the requirement of FAA certification itself

-8-

is proof of pretext because Mayerstein did not have the proper certification, yet was given the job. Job requirements are business decisions that courts should not second-guess "in the absence of some evidence of impermissible motives." Garrison v. Gambro, Inc., 428 F.3d at 937.

> [E]mployers, not employees or courts, are entitled to define the core qualifications for a position, so long as the criteria utilized by the company are of a nondiscriminatory nature. . . . What the qualifications for a position are, even if those qualifications change, is a business decision, one courts should not interfere with.

Id. (internal quotation marks and citations omitted). The zero-hour honors class had long been established and taught at Valley, and it is undisputed that whoever taught that class had to be FAA certified to maintain it. The requirement was non-discriminatory on its face and existed long before Trujillo applied for the job. That Mayerstein misled both Griego and Col. Crook in his application and interviews that he would have the required certification by the time he replaced Col. Crook in October 2001 does not give rise to a dispute whether the FAA certification requirement was bona fide. And the undisputed fact that Mayerstein misrepresented that he would be qualified to teach the class also negates any inference that Griego knowingly placed an unqualified instructor into the position or that he waived the certification requirement at the time he selected Mayerstein. Griego may have used poor judgment in selecting Mayerstein without proof of his FAA certification, but that does not establish or infer discrimination or pretext in his decision not to select an applicant who admittedly did not have, and who never asserted that she was in the midst of obtaining, the FAA certification. See Selenke v. Med. Imaging of Colo., 248 F.3d at 1261; Tyler v. RE/MAX Mountain States, Inc., 232 F.3d at 813-14 (stating that courts cannot second-guess hiring decisions by using the benefit of hindsight). Again, because Trujillo admits, and the record evidence conclusively establishes, independent of Griego's credibility, that Trujillo was not qualified to teach the honors

class at Valley that Col. Crook was teaching, as a matter of law the Defendants are entitled to summary judgment. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000)("[A]n employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision. . . ."); Tyler v. RE/MAX Mountain States, Inc., 232 F.3d at 814 ("[A]s a general rule, an employee must proffer evidence that shows each of the employer's justifications are pretextual.").

Trujillo next focuses on her assertion that Griego changed the reasons he gave for not hiring her. Even though Griego *added to* his reasons for not selecting Trujillo, and Trujillo has successfully challenged one of them in a way that could impugn Griego's credibility, Griego always asserted that Trujillo was not qualified, and this fact is undisputed. There is not sufficient evidence for a jury to find that Griego's first and predominate justification for not hiring her – that she did not have the required FAA credentials to teach the honors course offered at Valley – is unworthy of credence. See Jaramillo v. Colo. Judicial Dep't, 427 F.3d at 1309 (examining evidentiary record and holding that plaintiff had "not produced evidence sufficient for a jury to find that the [employer's] legitimate, non-discriminatory explanation . . . [was] also unworthy of credence") The Court concludes on reconsideration, and in light of the subsequent decision in Jaramillo v. Colo. Judicial Dep't, that the potential pretextual character of Griego's statement that he did not hire Trujillo because her name was not on a list provided by Col. Crook is not so "outrageous," id. at 1310, that it could cast doubt on Trujillo's admissions, the uncontroverted written evidence, and uncontroverted testimony of other witnesses demonstrating that Trujillo was not qualified to teach the honors class at Valley.[1] Thus,

---

[1] The Defendants did not argue in their motions for summary judgment or in their motion for reconsideration that the uncontroverted written evidence and Trujillo's admissions demonstrate that she was not qualified for the position, thereby destroying her prima facie case and negating any need

Trujillo has failed to "undermine [Griego's] credibility to the point that a reasonable jury could not find in [the employer's] favor." Id.

### III.     **PLAINTIFF'S MOTION FOR RECONSIDERATION.**

Trujillo's motion for reconsideration lacks merit.[2] Trujillo asserts that, because the Court concluded that she had presented sufficient evidence upon which a jury could find the second reason for not hiring her to be pretextual, she should be granted summary judgment. The Court's conclusion meant, however, that Trujillo had survived the Defendants' summary judgment motion and, at that stage, the issue still should go to a jury. See Plotke v. White, 405 F.3d 1092, 1095 (10th Cir. 2005) ("It is not the purpose of a motion for summary judgment to force the judge to conduct a "mini-trial" to determine the defendant's true state of mind. So long as the plaintiff has presented evidence of pretext (by demonstrating that the defendant's proffered non-discriminatory reason is unworthy of

---

for Griego to advance legitimate nondiscriminatory reasons for not hiring her. See Garrison v. Gambro, 428 F.3d at 937-38. Although it now seems that Trujillo, like the plaintiffs in Garrison v. Gambro, cannot establish a prima facie case of discrimination on this basis, the Court should not make arguments for the moving party in summary judgment proceedings. See O'Toole v. Northrop Grumman Corp., 305 F.3d 1222, 1227 (10th Cir. 2002) ("Rule 56 provides for summary judgment motions on particular issues or claims, and it is unquestionable that a non-moving party is not required to establish the existence of genuine issues of material fact for trial on matters not addressed by the summary judgment motion.").

[2]     Trujillo argues that the "only Air Force eligibility requirement [for teaching the honors class at Valley] is pre-approval by the Air Force upon presentation of proof of FAA certification." Pl. Mot. for Recons. at 2. She attaches an exhibit conclusively showing that, to teach the honors class offered and taught at Valley both at the time she applied for the position and when the hiring decision was made, the SASI had to be FAA certified, as Griego believed. See id. Att. 2. She correctly contends that, if Griego had asked Mayerstein for proof of his eligibility to teach the honors course before he selected him, he would have learned that Mayerstein was not eligible to teach that course. Id. at 9. And she correctly contends that "Mayerstein knew he needed FAA Certification to qualify for the SASI job." Id. at 10. As mentioned earlier, Trujillo admits, however, that she, too, is not FAA certified to teach that class, which is conclusive proof that she was not qualified to fill Col. Crook's position, notwithstanding that Mayerstein also was not qualified to fill it.

-11-

belief) upon which a jury could infer discriminatory motive, the case should go to trial.").

Trujillo's remaining arguments, some of which have already been addressed in the October 26, 2005, order, are centered on her assertions that: Griego did not contact ROTC headquarters to seek qualified individuals to teach the honors class or he would have known there was no requirement that the instructor also be a pilot; Griego identified different job qualifications for the specific SASI job at Valley at various times; Griego admitted to Trujillo that Trujillo was on the ROTC list of generally-qualified SASI candidates but said he eliminated her because she was not qualified for the position at Valley; the Defendants' other reasons for not hiring her were added after she filed EEOC charges; and her claim that there would be no actual supervisory conflict of interest regarding her husband if she had become the SASI at Valley, in her husband's opinion, notwithstanding the ROTC regulations that specifically give such supervisory authority to SASIs.[3]  The Court has carefully considered these assertions and concludes that they neither establish her entitlement to summary judgment nor, even if they were true, cast any doubt on the fact that she was not qualified to teach the honors class in the SASI position for which she applied.

---

[3] Although Trujillo argues that Transito's testimony creates a genuine issue of material fact whether the SASI at Valley had actual authority over Transito, who was Valley's Aerospace Science Instructor (ASI), a careful review of the whole record shows that it does not. Defendants submitted ROTC regulations providing that the SASI "supervises and assigns work to Aerospace Science Instructors" and that the ASI "reports directly to the SASI," performs "other duties as directed by the SASI," and is "accountable to the SASI." Def. MSJ Ex. G at 1, 3, 4. Trujillo attached to her motion for reconsideration another of Transito's affidavits, in which he complains of several retaliatory actions that Mayerstein took against him: changing his password on the ROTC computers and refusing to give him correspondence he needed; moving his office; removing his name from the Chain of Command; changing his duty hours and extending his duty day beyond the hours he was paid for, threatening to have him fired, and giving him an unsatisfactory ROTC evaluation. See Pl. Mot. for Recons. Ex. 1 at 3-4. Transito's statements that, in the past, the SASI had exercised no "true supervisory responsibilities over the ASI," id. at 3, does not dispute that the SASI had that authority and that SASIs could exercise it, as Mayerstein did.

**IT IS ORDERED** that the Defendant's Motion for Reconsideration is granted and the Plaintiff's Motion for Reconsideration is denied; and that the Defendants' first Motion for Summary Judgment (Doc. 26) and the Plaintiff's Motion to Rule (Doc. 86) are dismissed as moot. Judgment will be entered in favor of the Defendants.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Lourdes E. Trujillo
Snellville, Georgia

    *Pro se Plaintiff*


Max J. Madrid
Alex C. Walker
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*