## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LOURDES E. TRUJILLO,

        Plaintiff,

vs.                                            CIV No. 02-1509 JP/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
and ANTHONY GRIEGO, individually
and in his official capacity, as Principal
of Valley High School, Albuquerque
Public Schools,

        Defendants.

                                         consolidated with

LOURDES E. TRUJILLO,

        Plaintiff,

vs.                                            CIV No. 04-646 JP/RLP

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
and ANTHONY GRIEGO, individually
and in his official capacity, as Principal
of Valley High School, Albuquerque
Public Schools,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

On June 26, 2006 Plaintiff Lourdes Trujillo, who is proceeding *pro se*, filed a "Rule 59(e)

Motion . . . to Alter or Amend the Court's Final Judgment and Order, Entered 06/12/2006 (Doc.

99), based on the Court's Memorandum, Opinion, and Order, Doc. No. 98"[1] (Doc. No. 100).

---

[1]  The Final Judgment (Doc. No. 99) and the Memorandum Opinion and Order on which it is based
(Doc. No. 98) were entered on June 9, 2006, not June 12, 2006.

Defendants filed their Response on July 5, 2006 (Doc. No. 101), and Plaintiff filed her Reply on

July 10, 2006 (Doc. No. 104).

A number of subsequent filings also relate to the present motion to alter or amend.  On

December 21, 2006, Plaintiff filed her "Opposed Pro Se Plaintiff's Supplement to Pending Rule

59(e) Motion" (Doc. No. 126).  On January 9, 2007 Plaintiff filed her "Opposed Pro Se

Supplemental Motion . . . Based On Newly Discovered Evidence Showing Pretext" (Doc. No.

127).[2]  On January 30, 2007 Defendants filed their Response (Doc. No. 132) to Plaintiff's

supplemental briefs, and on February 6, 2007 Plaintiff filed her Reply (Doc. No. 134).  On

February 16, 2007 the Court entered an Order (Doc. No. 149) permitting Plaintiff to supplement

the record with an affidavit of Mark Mayerstein before deciding the present motion to alter or

amend.  On March 14, 2007 Plaintiff filed "Pro Se Plaintiff's Response to Court Order . . .

Regarding Filing of Mark Mayerstein's Affidavit" (Doc. No. 153).  On May 29, 2007 the Court

entered an Order (Doc. No. 168) allowing Plaintiff to depose Mark Mayerstein and to file a

supplemental brief in support of the present motion to alter or amend.  On July 9, 2007 Plaintiff

filed "Pro Se Plaintiff's Supplemental Brief in Support of Pending Rule 59(e) Motion" (Doc. No.

172).  Instead of deposing Mr. Mayerstein, Plaintiff bases her supplemental brief on a deposition

of Mayerstein taken by her husband, Transito Trujillo.[3]  On July 18, 2007 Defendants filed their

Response (Doc. No. 174) to Plaintiff's supplemental brief, and on July 20, 2007 Plaintiff filed her

Reply (Doc. No. 175).  On August 3, 2007 Plaintiff filed "Pro Se Plaintiff's Motion for Judicial

---

[2]  Plaintiff refiled the same document on January 11, 2007 (Doc. No. 128).

[3]  The deposition was taken in Transito Trujillo's lawsuit, <u>Transito Trujillo v. Board of Education of the Albuquerque Public Schools, et al.</u>, CV 02-1146 JB/LFG (U.S.D.C. D.N.M.).

Notice of Mark Mayerstein's Non Hearsay Testimony in Support of Pending Rule 59(e) Motion" (Doc. No. 177).

After carefully considering all the aforementioned briefs and exhibits attached thereto, as well as the previously filed briefs, exhibits and Court Orders, and having reviewed the relevant caselaw, the Court will deny Plaintiff's motion to alter or amend.

**I. Background.**

This is a case brought under Title VII and 42 U.S.C. § 1981 in which Plaintiff has claimed that the Defendants discriminated against her on the basis of gender and national origin by declining to hire her, instead of Col. Mark Mayerstein, for the position of Senior Aerospace Science Instructor ("SASI") in the Junior ROTC Department at Valley High School in Albuquerque, New Mexico for the 2001-2002 school year.[4]  In their summary judgment motion, Defendants had asserted there were three legitimate, non-discriminatory reasons for not hiring Plaintiff for the SASI position:  (1) Defendant Anthony Griego, the principal of Valley High School, reasonably believed that Plaintiff did not have the requisite qualifications for the position; (2) Col. Richardson Crook, the retiring SASI, did not inform Principal Griego that Plaintiff was an applicant who should be interviewed for the position and so Plaintiff was not on the list of candidates to be interviewed; and (3) policies of both the Albuquerque Public Schools and the Air Force prohibited the SASI from supervising a spouse, and if Plaintiff had been selected she would have been required to supervise her husband.

---

[4]  Two other instances of non-hire for the 2002-2003 and 2003-2004 school years are the subject of Plaintiff's subsequently-filed complaint in CV 04-646, which was consolidated with this case.  The Court will rule on a pending motion for summary judgment dealing with those instances in a separate Memorandum Opinion.

The Honorable James O. Browning, to whom this case was assigned at the time,[5] denied

Defendants' motion for summary judgment in a Memorandum Opinion and Order entered

on October 26, 2005 (Doc. No. 88), Trujillo v. Bd. of Ed. of Albuquerque Pub. Sch., 410

F.Supp.2d 1033 (D.N.M. 2005).  In regard to Defendants' first proffered reason for not hiring

Plaintiff, Judge Browning noted that Defendant Anthony Griego "understood that the SASI had

to be a pilot or a navigator and possess an FAA certification, and Trujillo was neither a pilot nor a

navigator and did not have an FAA certification."  Trujillo, 410 F. Supp. 2d at 1038.  Judge

Browning then concluded:

> Griego may or may not have been correct that being a pilot [or
> navigator] was needed for the position, but Trujillo has not
> presented evidence that raises a genuine issue of material fact
> regarding Griego's understanding that the SASI had to be a pilot or
> a navigator and possess an FAA certification.

Id. at 1045 (bracketed material added).

Judge Browning described the third reason as:  "Trujillo could not have held the position

because it would have required her to supervise her husband, which is prohibited by APS and Air

Force policy."  Id. at 1046.  Judge Browning determined that Plaintiff had failed to present any

evidence that Principal Griego "knew her husband would resign" if Plaintiff were hired.  Id.

However, Judge Browning found Plaintiff had presented sufficient evidence to raise a

genuine issue of material fact as to whether the second of the three asserted reasons, which Judge

Browning characterized as a "central point," was pretextual.  Id. at 1045.  Judge Browning found

that by casting doubt on the second reason, Plaintiff "casts enough doubt on the other two

reasons that a jury might still find in Trujillo's favor. . . .  [A]ll three reasons are in fact

---

[5]  These consolidated cases were transferred to me from Judge Browning on October 11, 2006.

interconnected.  As a result of this inconsistency, a jury could reasonably begin to question the Defendants' credibility on the other two nondiscriminatory reasons."  Id. at 1047.

Subsequently, Judge Browning reversed his ruling denying summary judgment.  On June 9, 2006, he entered a Memorandum Opinion and Order (Doc. No. 98) granting Defendants' motion for reconsideration, and granting Defendants' motion for summary judgment.  On the same day, Judge Browning entered final judgment for Defendants and dismissed the case (Doc. No. 99).  In doing so, Judge Browning analyzed a Tenth Circuit case, Jaramillo v. Colorado Judicial Dep't, 427 F.3d 1303 (10th Cir. 2005), which was decided six days after his October 26, 2005 Memorandum Opinion and Order denying summary judgment.  He also considered additional evidence presented by Plaintiff that "conclusively established that Griego's belief that SASI instructors who wanted to maintain the honors course at Valley had to be FAA certified was correct."  Mem. Op. & Order (Doc. No. 98) at 6.  Judge Browning noted that Plaintiff had admitted in an affidavit that she was not certified to teach the class by stating:  "It is true that I . . . do not possess FAA certification to teach the true zero-hour, honors class, as defined by the Air Force . . . ." Id. at 7.  "Because Trujillo admits she was not qualified to teach the honors class that was already being taught at Valley by Col. Crook, she cannot avoid summary judgment on this issue." Id. at 8.  Further, Judge Browning stated:  "Griego may have used poor judgment in selecting Mayerstein without proof of his FAA certification, but that does not establish or infer discrimination or pretext in his decision not to select [Plaintiff] who admittedly did not have, and who never asserted that she was in the midst of obtaining, the FAA certification." Id. at 9.  Hence, Judge Browning concluded that the first asserted reason for not hiring Plaintiff, that Defendant Griego "understood that the SASI had to be a pilot or a navigator and possess an FAA

certification, and Trujillo was neither a pilot nor a navigator and did not have an FAA

certification," Trujillo, 410 F.Supp.2d at 1038, "can stand alone 'without support from the tainted

reason,' . . . thereby compelling summary judgment in favor of the Defendants."  Id. at 5 (quoting

Jaramillo, 427 F.3d at 1310).

       As to the third reason for not hiring Plaintiff, that "Trujillo could not have held the

position because it would have required her to supervise her husband, which is prohibited by APS

and Air Force policy," Trujillo, 410 F.Supp.2d at 1046, Judge Browning initially determined that

Plaintiff had failed to show that this reason was pretext because Plaintiff presented no evidence

that Principal Griego "knew her husband would resign" if Plaintiff were hired.  Id.  Upon

reconsideration, Judge Browning considered Plaintiff's argument that there would be no actual

supervisory conflict of interest regarding her husband if she had become the SASI at Valley, an

argument that was based on a new affidavit signed by Plaintiff's husband to the effect that the

SASI at Valley had not "exercise[d] any true responsibilities over the ASI."  Aff. Transito

Trujillo, 11/16/05, ¶ 16, Pl. Ex. 1 (Doc. No. 89).[6]  Judge Browning concluded that Plaintiff failed

to create a genuine issue of material fact whether the SASI at Valley High School had actual

authority over her husband, who was Valley's Aerospace Science Instructor (ASI).  Mem. Op. &

Order (Doc. No. 98) at 12 n.12.  Judge Browning concluded that Plaintiff's arguments regarding

the veracity of the third reason failed to "cast any doubt on the fact that [Plaintiff] was not

qualified to teach the honors class in the SASI position for which she applied."  Id. at 12.

       Plaintiff filed the present motion to challenge Judge Browning's rulings.

_____

       [6]  This argument was in connection with Plaintiff's motion for reconsideration.

6

**II.  Standards for Rule 59(e) Motion to Alter or Amend.**

Relief under Rule 59(e) may be warranted if there has been an intervening change in the controlling law, if there is new evidence that was previously unavailable, or if there is a need to correct clear error or prevent manifest injustice.  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  Id.  A motion under this rule "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  Id.; *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2810.1 (2d ed. 1995) ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  A Rule 59(e) motion may not be used to relitigate old matters.  *See* Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) ("Rule 59(e) does not allow the losing party to repeat old arguments previously considered and rejected.").  A party relying on newly-discovered evidence must show either that the evidence is newly discovered or, if the evidence was available at time summary judgment was granted, that the party made diligent yet unsuccessful attempts to discover the evidence.  Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994).

**III.  Discussion.**

*A.  Timeliness.*  As an initial matter, Defendants contend that Plaintiff's motion was not timely filed and must be construed as a Rule 60(b) motion for relief.  A motion to alter or amend a judgment must be "filed no later than 10 days after entry of judgment."  Fed. R. Civ. P. 59(e).  Final Judgment was entered on June 9, 2006 (Doc. No. 99); Plaintiff filed her motion on June 26,

2006.  Rule 6(a) provides that when the prescribed period is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are excluded in the computation.  By excluding the weekend days after June 9, 2006, the motion would have been due on June 23, 2006.  However, Rule 6 also provides that when service is made by mail under Rule 5(b)(2)(B), as it was here, "3 days are added after the prescribed period would otherwise expire under subdivision (a)."  Fed. R. Civ. P. 6(e).  This extended the deadline for filing the motion to June 26, 2006; consequently, the motion was timely filed under Rule 59(e).

      *B.  Judicial Notice of Trial Testimony of Mark Mayerstein.*  Another preliminary matter concerns whether the Court should consider the testimony given by Mark Mayerstein at the trial in Transito Trujillo's case, CV 02-1146.  Plaintiff's Motion for Judicial Notice of Mark Mayerstein's Testimony (Doc. No. 177) is unopposed.  Consequently, the Court will grant the motion and consider this testimony.

      *C.  Allegations of Error by Judge Browning.*  Most of the points Plaintiff raises in her various post-judgment briefs challenge Judge Browning's rulings as erroneous.  These arguments center around the issue of pretext, especially focusing on the first reason given for not hiring Plaintiff, i.e., that Anthony Griego understood that the SASI had to be a pilot or a navigator and possess an FAA certification, and that Plaintiff lacked these qualifications.  I have carefully considered all the parties' arguments in their post-judgment briefs.  I construe Plaintiff's motion to be asserting error and seeking Rule 59(e) relief on the following grounds:

            *1.  Judge Browning made inappropriate credibility determinations.*  Plaintiff claims Judge Browning impermissibly based his summary judgment decision on the credibility of statements in Defendant Griego's affidavit of October 2003, Def. Ex. B (attached to Doc. No. 27

and referenced in Doc. No. 55).  In ruling against Plaintiff, Judge Browning emphasized that "Griego's credibility does not, and cannot, affect the undisputed fact that, at the time she applied for the SASI position in August 2000, and at the time the position was filled in March 2001, Trujillo was not qualified to fill the position as it existed at Valley High School."  Mem. Op. & Order (Doc. No. 98) at 5.  Thus, Plaintiff's argument that Judge Browning erroneously based his ruling on the credibility of Griego's affidavit is unavailing.

Next, Plaintiff attempts to create an inconsistency between Griego's affidavit and other evidence concerning when Griego learned that Mayerstein lacked his FAA certificate.  Plaintiff claims that Griego testified that he "did not learn until October 2001 that Mayerstein needed FAA certification to teach the zero-hour course."  Pl. Motion (Doc. No. 100) at 3.  Instead, Griego averred that he "did not learn until October 2001 that Col. Mayerstein needed to take a test for FAA ground school certification in connection with the zero hour class."  Griego Aff., Def. Ex. B ¶ 10 (Doc. No.  27).  This does not raise a material question of Griego's credibility.  Whether Griego knew of the FAA certification requirement and Mayerstein's lack of certification when he hired Mayerstein is not material to the issue of Plaintiff's lack of pilot or navigator status while on active duty, and her own lack of FAA certification.

Finally, Plaintiff contends that Judge Browning "erred by ruling on reconsideration that there is insufficient evidence for a jury to find Griego's first justification for not hiring [her] unworthy of credence."  Pl. Supp. (Doc. No. 126) at 3.  Here, Plaintiff quibbles with whether the qualifications issue was the "first justification" and argues that the first reason given by Griego to her and to the EEOC was that she was not on the list, which the Court has called the "second reason."  This argument was considered by Judge Browning in his Memorandum Opinion and

9

Order (Doc. No. 98) at 10.  Plaintiff's attempt to reargue this issue does not present a proper ground for relief under Rule 59(e).

        *2.  Judge Browning erred in dismissing Griego's qualified immunity motion as moot.*  Plaintiff argues that in dismissing Defendant Griego's motion for summary judgment on the issue of qualified immunity as moot, Judge Browning erred by failing to consider Plaintiff's affidavit attached to her Response to that motion.  *See* Aff. Lourdes Trujillo, Pl. Ex. 1 (Doc. No. 38).  Plaintiff contends that her affidavit testimony shows that Griego "informed me that I was qualified for the position as Senior Aerospace Science position."  Pl. Motion at 2 (Doc. No. 100).  However, Plaintiff mischaracterizes her own affidavit.  In her affidavit, Plaintiff testified only that Griego told her in August 2000 that he "was impressed with my qualifications."  Aff. Trujillo, Pl. Ex. 1 ¶ 4.  This is a far cry from raising a genuine dispute as to whether Plaintiff was qualified for the position that later opened up in 2001.  It is undisputed that Plaintiff was not qualified because she was neither a navigator nor a pilot while on active duty with the Air Force, and because she lacked FAA certification.

      Moreover, the conversation with Griego that Plaintiff references in her affidavit occurred in 2000, several months before Col. Crook announced that he would be retiring.  There is no evidence in Plaintiff's affidavit or elsewhere in the record that Griego even knew at that time that there were special requirements for teaching the zero hour class, or that Griego ever told Plaintiff she was qualified to teach the specific zero-hour honors class Col. Crook was teaching, which indisputably required FAA certification.  In fact, Griego testified that he learned about special requirements for teaching the zero hour class "[a]fter Col. Crook told me that he was going to retire [in the spring of 2001]."  Aff. Griego, Def. Ex. B ¶ 6 (Doc. No. 27).  "It was my

understanding from discussions with Col. Crook that the zero hour Enriched Aerospace Science

class that we offered at Valley High School required an instructor who had been either a navigator

or a pilot while on active duty with the Air Force." Id.

If indeed Judge Browning failed to consider Plaintiff's affidavit in dismissing Defendant

Griego's motion for summary judgment based on qualified immunity as moot, such failure was

immaterial because the affidavit would not have changed the outcome of Judge Browning's

decision.  Thus, it was not "manifest error" to dismiss the motion as moot.

       *3.  Judge Browning improperly relied on hearsay evidence.*  In her reply brief

(Doc. No. 104), Plaintiff contends that Judge Browning erred by considering a letter from

Barbara Lynn to the EEOC investigator because the letter was inadmissible hearsay.  Judge

Browning cited this letter both in his October 26, 2005 Memorandum Opinion and Order (Doc.

No. 88) denying summary judgment and in his June 9, 2006 Memorandum Opinion and Order

(Doc. No. 98) granting Defendants' motion to reconsider.  Judge Browning stated:

> The record shows that, at the time Trujillo applied, and when Griego made
> his hiring decision, Col. Crook had established, and was teaching, a popular
> Enriched Aerospace Science zero-hour class that had to be taught by an
> FAA certified instructor and that had been attended by students from other
> schools in Albuquerque where the class was not offered.  See letter from
> Barbara Lynn to EEOC Investigator at 1 (executed May 15, 2002) (Def.
> MSJ Ex. D).

Mem. Op. & Order, 6/9/2006 (Doc. No. 98) at 5.

Judge Browning cited Barbara Lynn's letter to describe the undisputed background facts,

and Plaintiff has not raised a disputed question of fact about whether the zero-hour class had to be

taught by an FAA certified instructor, nor has she disputed that the class had drawn students from

other schools.  Judge Browning noted that Plaintiff herself submitted a secretly recorded

11

conversation she had with Col. Crook in April 2001 in which Col. Crook explained to Plaintiff (1) that the zero-hour honors pilots class was the only ROTC class of its kind offered in the state, (2) that the instructor had to be FAA certified, and (3) that Col. Crook chose Mayerstein because "he's qualified."  *See* id. at 5-6; *see also* Pl. MSJ (Doc. No.  47), Pl. Ex. 2 at 7 (transcript of recorded conversation with Crook).

Plaintiff also contends that the Lynn letter "shows that Defendants, for the first time, almost one year from my EEOC charges, bring up the FAA certification, pilot, and navigator job requirement as a defense to my charges." Pl. Reply (Doc. No. 104) at 2.  Plaintiff argues that this time lag is evidence of pretext that Judge Browning ignored.  To the contrary, Judge Browning addressed this claim, noting that Plaintiff's evidence showed that both Defendant Griego and Col. Crook had told Plaintiff in April 2001, before she filed her EEOC charges on June 1, 2001, that the reason she had not been selected for the SASI position instead of Mayerstein was because Plaintiff did not have the credentials to teach the course..  *See* Mem. Op. & Order, 6/9/06 (Doc. No. 98) at 5.

Further, Plaintiff has never offered any evidence to rebut Defendants' claim that their understanding from the Air Force was that the ground school instructor also had to have been a pilot or navigator while on active duty.  Even if that understanding was incorrect, the Court must analyze the facts as they appeared to the person making the hiring decision.  Selenke v. Med. Imaging of Colo., 248 F.3d 1249, 1261 (10th Cir. 2001).  Citing the Lynn letter for the background facts was not error, and even if it were error, any error would be harmless because there is not a genuine dispute about Plaintiff's credentials.

      *4.   Judge Browning erred in not recognizing that the job requirements were*
*"bogus."*   Plaintiff claims Judge Browning misapplied the law by not accepting the inference that
Griego discriminated against Plaintiff by making up "bogus" pilot and FAA certification job
requirements after the fact to show Plaintiff was not qualified. Plaintiff attempts to undermine the
validity of the job requirements by showing that Col. Crook was not compensated for teaching the
zero hour class but rather donated his time, and that Crook did not actually teach the true honors
class approved by the Air Force.  Plaintiff supports these arguments with two new declarations
signed by her husband, Transito Trujillo, one on December 14, 2006, Pl. Ex. 1 ¶ 8 (Doc. No.
126), and one on July 9, 2007, Pl. Ex. 2 (Doc. No. 172).  These declarations attempt to show that
Col. Crook was violating Air Force regulations as to the students eligible to take the course
because the honors course was supposed to be for the unit's top achievers, whereas the course
Col. Crook taught was open to any interested student and included some 'special needs' students
who were not the unit's top achievers.  Judge Browning discussed the argument that Mayerstein
did not teach a true honors class in his Memorandum Opinion and Order of June 9, 2006 (Doc.
No. 98) at 8.  The information in these declarations does not qualify as newly-discovered
evidence, and even if it should be considered here, this information does not undermine Judge
Browning's analysis concerning Defendants' understanding about the job requirements at the time
of the hiring decision.

      Finally, Plaintiff casts the FAA certification requirement as "bogus" because Griego did
not mention it when he interviewed her.  Supp. Aff. Pl., Ex. 1  ¶ 6 (Doc. No. 127).  This has been
discussed above in section C(2) -- there has been no showing that when Griego interviewed
Plaintiff, he was aware of this special requirement.  Also, Plaintiff does not address the fact that

she was neither a pilot nor a navigator, except to question the wisdom or correctness of this requirement.  It is undisputed that Mayerstein was a navigator who had logged over 2,000 air miles.  Federal courts are not super personnel departments and will not question the wisdom of a job requirement or the correctness of the hiring authority's belief in what the requirements were.  Riggs v. AirTran Airways, Inc., 497 F.3d 1108, 1118-19 (10th Cir. 2008).

Plaintiff also argues that Mayerstein was not teaching the honors class that required FAA certification and thus that Plaintiff could have taught the same class even though she lacked FAA credentials.  It is undisputed that Defendant Griego thought that Mayerstein was qualified to replace Col. Crook, because Griego thought Mayerstein either was properly certified or would be FAA certified in time to begin teaching the zero-hour class, and because Griego knew that Mayerstein was a navigator or a pilot.  Further, it is undisputed that Plaintiff was not qualified to teach the honors class.  Accordingly, Plaintiff has not shown it was pretext to require that the person hired to replace Crook have FAA certification and have been a pilot or navigator.

5. *Judge Browning erred in deciding that Plaintiff had not created a genuine issue of fact whether she would have supervisory authority over her spouse.*  Plaintiff challenges the credibility of Griego's statement in ¶ 11 of his affidavit of October 2003, Def. Ex. B (Doc. No. 27), that even if she had applied and been the most qualified applicant, Plaintiff could not have been the SASI at Valley High School because she would have had to supervise her husband, the ASI.  Plaintiff says this would not have been a problem because her husband would have transferred or retired if she had gotten the job.  Pl. Motion (Doc. No. 100) at 3.  She also argues that this "third reason" is pretext because this reason was not given to the EEOC investigator, because Griego didn't question Plaintiff about this issue when he interviewed her, and because the

issue of fact on pretext as to the second reason taints this reason as well.  These arguments were all considered by Judge Browning, and Plaintiff has not demonstrated that he committed clear error.  Even if Plaintiff's husband would have retired or transferred, this is not evidence that this stated reason for not hiring Plaintiff is pretext.  By hiring Mayerstein, Defendants avoided violating APS or Air Force policy in this way.

    *D.  Newly-Discovered Evidence.*  Plaintiff argues that there is newly-discovered evidence that defeats summary judgment for Defendants.  This argument concerns an encounter with Mark Mayerstein by Plaintiff and her husband, Transito Trujillo, at Home Depot in Albuquerque, New Mexico on December 30, 2006.  In her supplemental affidavit, Supp. Aff. L. Trujillo 1/8/07, Pl. Ex. 1 (Doc. No. 127), Plaintiff relates her version of this encounter, in which Mayerstein allegedly made certain admissions to Plaintiff and her husband.  One such alleged admission is that before hiring him, Griego told Mayerstein "they were anxious to fill the position before [Plaintiff] got wind of the fact that Col. Crook was retiring.  [Mayerstein] said that Griego and Crook were conspiring during that meeting to prevent [Plaintiff] from getting the SASI job."  Pl. Ex. 1, ¶ 5 at 2, attached to Doc. No. 127.  Further, Mayerstein allegedly related that Griego said to him: "Make sure you get the FAA certification as soon as possible so [Plaintiff] wouldn't be able to complain about not getting the job [and] keep quiet about the whole thing."  Id. ¶ 7.  Another statement attributed to Mayerstein is:  "Griego and Crook conspired during [Mayerstein's] interview, to deny [Plaintiff] the position by using the FAA certification as a job requirement."  Id. ¶ 11.  Finally, Plaintiff asserts that Mayerstein said that Col. Crook was from the old school and did not believe that women should be placed in positions of authority and did not want Plaintiff to get the job as SASI.  Id. at 17.

Because Mayerstein's alleged statements as reported by Plaintiff were potentially relevant to Plaintiff's motion to alter or amend, I allowed Plaintiff ample opportunity to put forth any newly discovered admissible evidence that might impact the issue of pretext.  I entered an Order (Doc. No. 149) on February 16, 2007 allowing Plaintiff time to submit the statements from Mayerstein in the form of admissible evidence.  On March 14, 2007 Plaintiff submitted an affidavit by Mayerstein that had been presented in Plaintiff's husband's case, CV 02-1146.  Pl. Ex. 1 and Ex. A (Doc. No. 153).  In a subsequent Order (Doc. No. 168), I found Mayerstein's affidavit "equivocal," and authorized Plaintiff to conduct a limited deposition of Mayerstein and to file a supplemental brief in support of her motion to alter or amend.  I also noted that Plaintiff's husband had been authorized to take Mayerstein's deposition in his case.  Plaintiff did depose Mayerstein.  Instead, she relies on his testimony from the deposition taken on May 16, 2007 by Transito Trujillo, and on Mayerstein's trial testimony given on June 29, 2007 in CV 02-1146 (Doc. No. 177).

The admissible evidence does not bear out the allegations made by Plaintiff in her telling of the December 30, 2006 conversation with Mayerstein.  In his deposition, Mayerstein testified that he interviewed with Griego in February or March of 2001 for the SASI job held by Colonel Crook.  Dep. Mayerstein, May 2007 at 24, Pl. Ex. 1 (Doc. No.172).  Col. Crook was not present at the interview.  Id. at 24-25.  During the interview, Griego did not mention Plaintiff's name, but Griego did talk about Plaintiff at a subsequent meeting with Mayerstein.  Id. at 25.  Mayerstein testified that, at a second meeting with Griego before he was hired, "I was made aware that Lourdes was an applicant for the job, and I was made aware that Colonel Crook and Mr. Griego felt that I was more qualified for the position."  Id.  Col. Crook had told Mayerstein that he

16

needed to be FAA certified to teach the Private Pilot's Ground School course, also known as the

Honors Enriched Aerospace class or the Zero Hour class. Id. at 26. Regarding Griego's

knowledge about the FAA certification requirement to teach the zero hour honors class,

Mayerstein testified, "I know he knew I didn't have the FAA certification." Id. at 27. Also,

Griego told Mayerstein "to get the certificate as soon as possible," but Mayerstein denied that

Griego said anything to him relating to Plaintiff. Id. at 31. Mayerstein denied that Griego told

him to keep quiet about Col. Crook's retirement, but he testified that "Colonel Crook told me to

keep his retirement quiet." Id. at 29. Mayerstein elaborated that Col. Crook told him that "he

was thinking about retiring and that he would appreciate it if I didn't say anything about it. I

don't think he'd made up his mind at that point. I don't know." Id. at 30. Finally, Mayerstein

testified that before he began the SASI job in October 2001, APS Human Resources Director Ron

Williams asked him if he had the FAA certificate or if he was in the process of getting it, "and I

told him I was in the process of getting it." Id. at 31. In his trial testimony given on June 29,

2007 in Transito Trujillo's case, Mayerstein was asked whether Griego was aware at the time he

hired Mayerstein that he did not have the FAA certification, and he responded, "Yes, he was."

Doc. No. 177 at 3.

 Plaintiff contends that this new evidence supports her argument that Griego used the FAA

certification requirement as pretext to discriminate against her, thereby undermining Griego's

credibility on the first alleged nondiscriminatory reason not to hire Plaintiff. On the contrary,

what is left of the admissible evidence from Mayerstein is merely that Griego may have known

when he hired Mayerstein that he lacked FAA certification. Mayerstein did not admit either in his

deposition or in his trial testimony any of the potentially damaging hearsay evidence in Plaintiff's

version of the December 30, 2006 conversation.

The only "newly discovered evidence" has been undisputed throughout these proceedings, that is, that Griego knew when he hired Mayerstein that Mayerstein was not FAA certified. As discussed earlier in Section C(1), the issue of when Griego knew that Mayerstein lacked FAA certification does not present a material dispute. Defendants have never argued that Griego didn't know Mayerstein needed to obtain FAA certification, and Judge Browning noted that Mayerstein stated on his APS application that he would be certified to teach the ground school course when he took over for Col. Crook. *See* Memo. Op. & Order (Doc. No. 98) at 6 (citing Def. MSJ Ex. B at 4). Further, it is undisputed that Crook notified Griego in January 2001 that Mayerstein would soon have the FAA certification. Id. (citing Def. MSJ Ex. E at 2).

Judge Browning was careful to rely on Plaintiff's admitted lack of qualifications in his ruling, which is not affected by what or when Griego knew about Mayerstein's FAA certification. It is also undisputed, even after Mayerstein's "new" testimony, that Mayerstein had been a navigator while on active duty whereas Plaintiff was neither a pilot nor a navigator. Thus, Griego's credibility on this point is not a reason to overturn the final judgment entered by Judge Browning.

*E.  Recent Supreme Court Case.*  Plaintiff does not argue an intervening change in the controlling law, but she cites case law that was decided shortly before Judge Browning's ruling that he did not discuss in his opinion. Plaintiff argues that her qualifications were superior to those of Mayerstein, and claims that Ash v. Tyson Foods, Inc., 546 U.S. 454 (2006) "requires the Court to make a determination of pretext based on qualifications." Pl. Reply (Doc. No 104) at 7. In Ash, the Supreme Court disapproved of the Eleventh Circuit's articulation of the standard of

proof to show pretext based on disparity in qualifications.  The standard required the disparity in qualifications to be "so apparent as virtually to jump off the page and slap you in the face."  <u>Ash</u>, 546 U.S. at 456-57.  On remand, the Eleventh Circuit determined that a better standard would be one suggested in (but not adopted by) the Supreme Court, i.e., to require that disparities in qualifications be "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."  <u>Ash v. Tyson Foods, Inc.</u>, 190 Fed. Appx. 924, 927 (11th Cir. 2006), *cert. denied* ___ U.S. ___, 127 S.Ct. 1154 (2007).  Under that standard, the Eleventh Circuit determined there was still insufficient evidence of pretext, and reinstated its previous holding.  The Supreme Court denied the petition for writ of certiorari.

Judge Browning considered the issue of relative qualifications in his decision, and noted that Plaintiff admitted she did not have the qualifications to teach the zero-hour course that Col. Crook had been teaching when the decision was made in March 2001 to hire Mayerstein as Col. Crook's replacement.  Mem. Op. & Order, 6/9/06 (Doc. No. 98) at 7-8.  Thus, Judge Browning was correct that Plaintiff could not show that Defendant Griego's first stated reason for not hiring Plaintiff – that she was not qualified for the job – was pretextual.  <u>Ash</u> does not change the outcome here because under any acceptable standard, Plaintiff has not shown pretext.

## IV.  Alternative Ground for Denying Plaintiff's Motion.

Judge Browning mentioned in a footnote that if Plaintiff was not qualified for the position, that would destroy her prima facie case and negate any need for Defendants to advance any other nondiscriminatory reasons for not hiring her.  Mem. Op. & Ord. (Doc. No. 98) at 10-11 n.1. Judge Browning declined to make this ruling, however, because Defendants had not themselves

19

made the argument.  Id.  In fact Defendants did argue initially that Plaintiff could not show she

was qualified, but not because she lacked FAA certification and was not a pilot or navigator.

Rather, Defendants argued Plaintiff was not qualified because she had been retired too long to

qualify under Air Force regulations.  *See* Def. Br. in Supp. MSJ (Doc. No. 55) at 6-7.

In their subsequent briefs, Defendants squarely make this argument.  *See* Def. Resp. (Doc.

No. 101) 3-4; Def. Resp. (Doc. No. 174) at 10-11, 12.  Thus, an alternative ground for

granting summary judgment for Defendants is that because she lacked FAA certification and had

not been a pilot or navigator while on active duty with the Air Force, Plaintiff failed to make out a

prima facie case of discrimination by demonstrating she was qualified for the job.

**V.  Conclusion.**

Plaintiff has failed to show that Rule 59(e) relief is warranted.  The arguments that

Plaintiff presents in her briefs do not differ, significantly, from those presented to Judge

Browning.  Rather, Plaintiff's arguments amount to simple disagreement with Judge Browning's

rulings and an attempt to reargue her positions.  Plaintiff has failed to provide any substantive

basis for concluding that Judge Browning's Order has led to manifest injustice, or that Judge

Browning otherwise erred in granting summary judgment in favor of the Defendants.  *See*

Servants of the Paraclete, 204 F.3d at 1012.  Judge Browning did not misapprehend the facts,

Plaintiff's position, or the controlling law.  *See* id.  As for Plaintiff's purported newly-discovered

evidence, the evidence fizzled -- neither is it new, nor does it raise a material factual dispute on

pretext.  I therefore conclude Plaintiff is not entitled to relief under Rule 59(e).

The effect of my denying Plaintiff's motion to alter or amend is that Judge Browning's

Final Judgment (Doc. No. 99) becomes immediately appealable.  This is true even though I have

not yet ruled on Defendants' Motion for Summary Judgment (Doc. No. 155) because that motion concerns only issues raised in Plaintiff's Complaint in the consolidated case, CV 04-646.  That Complaint challenges two separate instances of failure to hire Plaintiff that occurred subsequent to the 2001 employment decision that is the subject of the Complaint in CV 02-1509.  All of the claims raised in CV 02-1509 have now been fully adjudicated.

In case there is any doubt, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure I direct the entry of final judgment as to all of the claims raised in the Complaint filed in CV 02-1509 and find that there is no just reason for delay.


THEREFORE IT IS ORDERED

1.     Plaintiff's "Motion for Judicial Notice of Mark Mayerstein's Non Hearsay Testimony" (Doc. No. 177) is granted.

2.     Plaintiff's "Rule 59(e) Motion . . . to Alter or Amend the Court's Final Judgment . . ." (Doc. No. 100) is denied.


_____

SENIOR UNITED STATES DISTRICT JUDGE